3:25-cv-506-MOC

## I. PARTIES

1. Plaintiff, Sheila Renee Jackson, is an individual residing in Mecklenburg County, North Carolina.

2. Defendant, the City of Charlotte, is a municipal entity operating in Mecklenburg County, North Carolina, which oversees the Charlotte Area Transit System (CATS).

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 (federal question jurisdiction), 42 U.S.C. 2000e et seq. (Title VII of the Civil Rights Act of 1964), and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. 1391 because the events giving rise to this Complaint occurred in Charlotte, North Carolina.

## III. FACTUAL ALLEGATIONS

A. Protected Activity and Workplace Safety Complaints

5. Between June 2024 - August 2024, the employee behavior continued with little to nothing done about all the way up to the plaintiff being placed on administrative leave then terminated. Plaintiff, along with nearly all the plaintiff's 7 direct reports

that plaintiff supervised and oversaw department, raised formal concerns regarding threatening behavior and instability exhibited

by a particular employee.

6. These concerns were submitted both verbally and in writing to Plaintiff's supervisor, the Chief Financial Officer, and CATS Human Resources.

7. Despite the severity of the reported safety concerns, Defendant failed to take any corrective or preventive measures.

B. Retaliation and Wrongful Termination

8. In October 2024, Plaintiff became the subject of a retaliatory Human Resources investigation initiated by the same employee who had been reported.

9. Plaintiff was placed on administrative leave on December 5, 2024, and subsequently terminated on December 31, 2024, allegedly for improperly entering time for another employee.

10. Plaintiff was not informed of the specific seven-day period under review until after her termination, thereby denying her an opportunity to respond or defend herself.

11. As a supervisor, Plaintiff's duties included timecard management; the hours in question were pre-approved by Human Resources and entered in accordance with Defendant's policies.

12. The investigation was flawed and biased: HR failed to review timestamps corroborating Plaintiff's reported hours, and Plaintiff's direct supervisor was removed from the process for being too fair.


C. Damages and Harm

13. As a direct result of Defendant's wrongful termination, Plaintiff lost her employment, forfeited her pension,

and was forced to cash out her 401(k) to meet financial obligations.

14. Defendant further compounded Plaintiff's financial harm by blocking her unemployment benefits, resulting in damage to her credit and mortgage delinquency due to unpaid bills.

15. Defendant's conduct caused Plaintiff severe emotional distress, including anxiety and depression.


IV. CLAIMS FOR RELIEF

Count I Retaliation (Title VII of the Civil Rights Act of 1964)

16. Plaintiff engaged in protected activity by reporting a hostile and unsafe work environment.

17. Defendant retaliated against Plaintiff by terminating her employment based on false allegations.

18. Defendant's actions constitute unlawful retaliation in violation of Title VII.


Count II Wrongful Termination in Violation of Public Policy (North Carolina Law)

19. Plaintiff was terminated in retaliation for reporting serious workplace safety concerns, violating North

Carolina public policy favoring safe working conditions.

Count III Defamation

20. Defendant published false statements accusing Plaintiff of misconduct (time theft), which damaged

Plaintiff's professional reputation.

Count IV Intentional Infliction of Emotional Distress

21. Defendant's conduct was extreme and outrageous, including siding with a known hostile employee, causing

Plaintiff severe emotional distress.

DETAILED STATEMENT OF FACTS

22. From June 2024 - August 2024, Plaintiff and nearly all employees within her department formally reported

serious safety concerns regarding a coworker whose behavior was threatening, unpredictable, and

destabilizing. These reports were made to multiple levels of management, including Plaintiff's immediate

supervisor, the Chief Financial Officer, and the CATS Human Resources Department.

23. Plaintiff repeatedly sought a safe working environment and compliance with company policies,

emphasizing that the presence of this hostile employee endangered the well-being of employees and impaired

workplace functioning.

24. Despite these repeated reports, Defendant failed to investigate or take any remedial action to address or

mitigate the safety risks posed by the employee in question.

25. In retaliation for her protected complaints, beginning in October 2024, Plaintiff became the target of a

Human Resources investigation initiated by the hostile employee she had reported.

26. Plaintiff was accused of timecard fraud relating to a seven hours of overtime entries made on behalf of

another employee, a responsibility routinely handled by Plaintiff as a supervisor with HR approval.

27. Plaintiff was not notified of the specific time period under investigation until after her termination,

preventing her from providing evidence or explanation during the investigation.

28. The investigation was biased and incomplete; HR did not review timestamp records on call sign in and out

log book. The seven days in question were also removed from the log book. The CATS HR Manager refused to

release the seven days in question until a month after she had terminated the Plaintiff that corroborated and

explained the Plaintiff's time entries and removed Plaintiff's direct supervisor from the investigation for

perceived fairness.

29. On December 5, 2024, Plaintiff was placed on administrative leave, and on December 31, 2024, she was

terminated based on the alleged misconduct.

30. Following her termination, Plaintiff's pension was forfeited, and she was forced to liquidate her 401(k)

retirement savings to cover living expenses.

31. Defendant further obstructed Plaintiff's financial stability by denying her unemployment benefits, causing

unpaid bills, mortgage delinquency, and significant damage to Plaintiff's credit rating.

32. Defendant's wrongful actions caused Plaintiff severe emotional distress, including symptoms of anxiety

and depression, which have adversely affected her health and quality of life.


LEGAL BASIS FOR CLAIMS

33. Retaliation under Title VII: Title VII of the Civil Rights Act prohibits employers from retaliating against

employees who engage in protected activity, such as reporting unsafe or hostile work environments. Plaintiff

engaged in protected activity by raising safety concerns, and Defendant unlawfully retaliated by initiating a

biased investigation and terminating her employment.

34. Wrongful Termination in Violation of Public Policy: North Carolina law prohibits termination of

employment in retaliation for reporting unsafe working conditions or violations of law. Plaintiff was

terminated because she reported serious workplace safety issues, which violates this public policy.

35. Defamation: Defendant, specifically the CATS HR manager and the hostile employee, made false and

damaging statements to third parties alleging Plaintiff engaged in time theft, and even spreading false rumors

throughout CATS

that the employee whose time was adjusted and Plaintiff had an inappropriate relationship, which was false

and harmed her professional reputation and future employment opportunities.

36. Intentional Infliction of Emotional Distress: Defendant's conduct was extreme, outrageous, and intentional, including failing to protect Plaintiff from a known hostile employee and wrongfully terminating her, resulting in severe emotional distress.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Enter judgment in her favor on all claims;

2. Award back pay and benefits;

3. Award front pay or reinstatement;

4. Award damages for emotional distress;

5. Award compensatory damages for lost pension and 401(k) benefits;

6. Award punitive damages as permitted by law;

7. Award attorney's fees and costs, should counsel be retained; and

8. Grant such other relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Sheila Renee Jackson

6427 Nevin Glen Dr.

Charlotte, NC

980-233-0392

sheila.jackson86@yahoo.com

Plaintiff, Pro Se